**UNITED STATES of America,**
**Plaintiff,**

**v.**

**WATCHMAKERS OF SWITZERLAND**
**INFORMATION CENTER, INC.,**
**et al., Defendants.**

United States District Court
S. D. New York.
March 18, 1960.

See also 25 F.R.D. 347.

Richard B. O'Donnell, Chief, New York Office, Antitrust Div., Mary Gardiner Jones, New York City, W. Louise Florencourt, Boston, Mass., Carl L. Steinhouse, Yonkers, N. Y., Attys., Dept. of Justice, for U. S.

Goodwin, Danforth, Savage & Whitehead, New York City, for defendants, Longines-Wittnauer Watch Co., Inc. and Wittnauer et Cie, S.A., by Donovan, Leisure, Newton & Irvine, James V. Hayes, John A. Manning, New York City, of counsel.

CASHIN, District Judge.

Considered herein are objections by defendants, Longines-Wittnauer Watch Co., Inc. and Wittnauer et Cie, S.A., to a request for admission of genuineness of documents made by plaintiff dated January 13, 1960. Three grounds of objections are stated, which will be considered seriatim.

■ The first ground of objection is that the request does not seek information but a statement of conclusions of law. Suffice it to say that a reading of the request indicates that factual information is sought. The first ground of objection is, therefore, overruled.

■ The second ground of objection is that the purpose of request can be accomplished more properly and expeditiously at a pre-trial hearing or at trial. This ground is also overruled. An answer to the request will expedite the trial of the action and thus the utilization of Rule 36 is not only proper but desirable.

■ The third ground of objection appears to be that successive requests served by plaintiff concerning the genuineness of documents are harassing. I find no merit to this contention. This is basically a documentary case where the number of documents are voluminous. Since this is so, successive requests are not burdensome.

■ The moving defendants also complain because the sworn answer must be executed in Switzerland. While this might cause some difficulty for defendants' counsel, I cannot see where I have any authority to dispense with the clear

provision of the Rule that the responses must be sworn to by the party.

The objections are overruled in their entirety.

It is so ordered.